UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ROGER CORLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-1342 (CKK) |
| | ) | |
| UNITED STATES PAROLE COMMISSION *et al.,* | ) ) | |
| | ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

The plaintiff, a prisoner proceeding pro se and in forma pauperis, filed a complaint under the Privacy Act, 5 U.S.C. § 552a, seeking money damages from the United States Parole Commission ("USPC") and the Federal Bureau of Prisons ("BOP"), and alleging that the defendants maintained and/or relied on inaccurate records resulting in adverse parole decisions for the plaintiff. This case is now before the court on the defendants' motions to dismiss or for summary judgment and the plaintiff's cross-motion for summary judgment.[1] A review of the plaintiff's submissions suggests that this Privacy Act case may be little more than a disguise for a collateral challenge to the plaintiff's criminal conviction. To the extent that the case is a

---

[1] The court has ordered that "Plaintiff Roger Corley – Pro-se Motion for Granting of Summary Judgment Brought Under Rule 56 of the Federal Rules of Civil Procedure" be filed, and has considered the submission both as an opposition to the defendant USPC's dispositive motion and as plaintiff's cross-motion for summary judgment. The submission, although served on opposing counsel, was sent to chambers rather than to the Clerk of Court, and therefore was presumed to be a courtesy copy. It now appears that it was an original intended for filing on the docket.

collateral challenge, it must be dismissed for lack of subject matter jurisdiction. To the extent it is a Privacy Act case, it must be dismissed as frivolous because it has no basis in fact.

## I. FACTUAL BACKGROUND

Documents submitted by both the plaintiff and a defendant in this case show that in 1975, the plaintiff was arrested and charged with several counts of rape, armed robbery, robbery, aggravated assault, grand larceny, and the unauthorized use of a car. *See* Compl. at 25-28;[2] UPSC's Mot. to Dismiss or for Summ. J. ("USPC's Mot."), Ex. A. The record also contains a copy of the Judgment and Commitment Order for case number 44575-75 in the Superior Court of the District of Columbia, dated October 5, 1976, showing that plaintiff pled guilty and was sentenced on each rape conviction to a term of 15 years to life imprisonment and on the kidnapping conviction to 10 years to life imprisonment, to run consecutively. *See* UPSC's Mot., Ex. C. The complaint also refers to plaintiff's "xeroxed copies of the Alford Plea Agreement Contract, dated March 30, 1976." Compl. ¶ 25 (spelling and punctuation altered); *see also id.* ¶ 26 n.2 (stating that plaintiff was sentenced pursuant to an Alford plea).[3] In a habeas petition previously filed in this court, the plaintiff stated under penalty of perjury that he was indicted in criminal case number "44575-75" in the "Superior Court of the District of Columbia (Norma H.

---

[2] Several pages are appended to the complaint. Some of them appear to be partial, not complete, documents. They are not expressly referenced in the body of the complaint and are not numbered as exhibits thereto. For ease of reference herein, they are referred to by the ECF-generated page number.

[3] An *Alford* plea is one where the defendant enters a guilty plea while maintaining his innocence. In *North Carolina v. Alford,* 400 U.S. 25 (1970), a case where the defendant had competent counsel, where the evidence against the defendant was strong, and where the defendant was risking a death sentence if he did not enter into a plea agreement, the Supreme Court held that the trial court did not commit constitutional error when it accepted a defendant's guilty plea while the defendant openly maintained his innocence of the charges.

Johnson, Judge)." *See* Pet. at 3, Civil Action No. 01-2477 (JR) (D.D.C. Nov. 30, 2001). He further stated that he was sentenced on "October 5, 1976," checked the box indicating that he had entered a plea of nolo contendere, and noted "North Carolina v. Alford, 400 U.S. 25 (1970)" next to the box checked. *Id.* Other court records confirm these facts in this record. *See Corley v. United States,* 741 A.2d 1029 (D.C. App. 1999) ("In 1976, Corley entered Alford pleas to two counts of armed rape an done count of kidnapping, and received aggregate sentences of imprisonment for a term of forty years to life.") (citation in footnote omitted).

In his earlier habeas petition, the plaintiff also disclosed that he had pursued a direct criminal appeal, and that his conviction was affirmed by an unpublished order dated December 21, 1977. *See* Pet. at 3, Civil Action No. 01-2477. Plaintiff does not disclose on this record what other post-conviction remedies he has pursued, but according to the Court of Appeals for the District of Columbia, it is "a truly staggering number of post-conviction submissions," that may "reasonably [be] characterize[d] as literally innumerable unsuccessful attacks on his convictions and his detention in the custody of the United States." *Corley v. United States,* 741 A.2d at 1029 (internal quotation marks omitted). Plaintiff's

> "abuse of the court [of appeals] has been principally in appeals challenging the denial of: (1) writs of habeas corpus; (2) writs of mandamus or coram nobis; (3) post-conviction relief pursuant to Super. Ct. Crim. R. 33 or 35 or D.C. Code § 23-110; or (4) relief in civil cases; and in original actions seeking (5) issuance by this court [of appeals] of an extraordinary writ . . . ."

*Id.* at 1030 (quoting the government's application for sanction). Because of his abuse, the Court of Appeals for the District of Columbia barred this plaintiff from filing in that court any matter relating to his criminal conviction without prior leave of court. *Id.* at 1030-31.

The instant complaint, which is remarkable for its incoherence, repetition, and internal factual inconsistencies, alleges that the USPC relied on incorrect information in records maintained by it and the BOP when considering plaintiff for parole in August 2005. Plaintiff specifically identifies what he alleges is a "null and void" presentence report dated May 21, 1976 and a "null and void and erroneous judgment" dated October 5, 1976, rendered without an indictment. Compl. ¶ 17. He also alleges that the BOP prepared a progress report incorporating erroneous and incorrect information from the presentence report. *Id.* ¶ 26. The plaintiff filed an affidavit with the complaint in which he states that "no indictment existed in 1975-1976" and that "no charges or indictment existed on November 12, 1975." Aff. of Roger Corley, July 10, 2008, filed with Compl., ¶¶ 2-3 (punctuation altered). Plaintiff also avers that he was not charged, indicted or convicted of any violation of any "infamous crime," and that he was not convicted by *Alford* plea of any "infamous crime." *Id.* ¶¶ 5-6. He states that the presentence report's statement that plaintiff was convicted of armed rape and armed kidnapping is "erroneous, arbitrary, oppressive, incorrect and objectively unreasonable because no indictment existed in 1976-1977 . . . ." *Id.* ¶ 10.B (punctuation altered). The plaintiff's oppositions to the defendants' dispositive motions are replete with similar assertions, as are his supporting affidavits. *See, e.g.,* Pl.'s Opp'n to the BOP's Mot. to Dismiss or for Summ. J. ("Pl.'s Opp'n") at 7, 8 (contending that "no indictment existed," and that the "sentence imposed on October 5, 1976, was without conviction") (punctuation altered); Aff. of Roger Corley, Dec. 30, 2008, filed with Pl.'s Opp'n, ¶¶ 2, 3, 4, 6 (averring that there was no indictment and that the information in the BOP's files about his judgment and commitment is not is not supported by an indictment or conviction); Pl.'s Cross-Motion for Summ. J. and Opp'n to the USPC's Mot. to Dismiss or for

Summ. J. ("Pl.'s Cross-Mot.") at 9-10 (repeatedly asserting that the presentence report is incorrect in stating that plaintiff was charged and convicted of armed kidnapping and armed rape, and that no indictment or conviction exists), 12 (asserting that he was not sentenced in the United States District Court for the District of Columbia);[4] Aff. of Roger Corley, Feb. 16, 2009, filed with Pl.'s Cross-Mot., ¶¶ 3-4, (averring that there was no indictment and no conviction on charges against him).

## II.  ANALYSIS

To the extent that this Privacy Act case is a disguised collateral attack on the plaintiff's conviction and sentence by denying that an indictment ever issued or that a conviction was ever obtained, it is misplaced.  Collateral challenges to convictions imposed by the Superior Court for the District of Columbia must be brought in that court under D.C. Code § 23-110, *Blair-Bey v. Quick,* 151 F.3d 1036, 1042 (D.C. Cir. 1998) (§ 23-110 is exclusive remedy for such challenges), a provision that is "coextensive with habeas corpus," *Saleh v. Braxton,* 788 F. Supp. 1232 (D.D.C. 1992); *accord Blair-Bey v. Quick,* 151 F.3d at 1042 (describing D.C. Code § 23-110 as "analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court").  It appears that the plaintiff has pursued his remedies under § 23-110 without success.  *See Corley v. United States,* 741 A.2d at 1030 (referring to his appeals from denials of motions under § 23-110).  However, as a prisoner under sentence imposed by the Superior Court, the plaintiff "has no recourse to a federal judicial forum unless the local remedy is inadequate or ineffective to test the

---

[4] In fact, plaintiff was sentenced by the Superior Court for the District of Columbia, but, in context, the court understands the point of the assertion to be about the fact of sentencing, not about which court imposed the sentence.  In either case, however, the assertion is frivolous and without merit.

legality of his detention." *Garris v. Lindsay,* 794 F.2d 722, 726 (D.C. Cir. 1986) (internal quotation marks omitted); *see Byrd v. Henderson,* 119 F.3d 34, 36-37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not."). The mere denial of relief by the local court does not render the local remedy inadequate or ineffective, *Garris v. Lindsay,* 794 F.2d at 727, and the plaintiff here has not claimed or demonstrated here that a motion under § 23-110 is inadequate or ineffective to test the legality of his conviction and detention. Accordingly, to the extent that this action constitutes a collateral attack on his Superior Court conviction and sentence, this court must dismiss the case for lack of subject matter jurisdiction.

Alternatively, as a Privacy Act case the action must also be dismissed. The court is obligated by 28 U.S.C. § 1915(e)(2)(B)(i) to dismiss a case filed by a plaintiff proceeding in forma pauperis once it determines that the case is frivolous or malicious. It is further obligated by 28 U.S.C. § 1915A(b)(1) to dismiss a case filed by a prisoner proceeding in forma pauperis who is seeking damages from a government official or entity as soon as it determines that the case is frivolous. The Supreme Court has held that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 326 (1989). The "term 'frivolous,' when applied to a complaint embraces . . . the fanciful factual allegation." *Id.* The provisions of the statutes relating to in forma pauperis filings are

> designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual

>contentions are clearly baseless[,] . . . [such as] claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

*Neitzke,* 490 U.S. at 327.[5]  Thus, the obligation under §§ 1915(e)(2)(B)(i) and 1915A(b)(1) to dismiss a frivolous complaint exists prior to, and irrespective of, any dispositive motion filed by a defendant.  In this case, it appears that the complaint and plaintiff's subsequent submission are founded on a fixed, false belief — that is, a delusion or fantasy.  Where, as here, it has become clear that the action is supported only by fanciful factual allegations disconnected from reality, the court will decline to reach the merits of what appear to be meritorious dispositive motions filed by the defendants,[6] and instead will dismiss this Privacy Act action as frivolous.  This determination constitutes a "strike" for purposes of the 28 U.S.C. § 1915(g).

A separate, final order accompanies this memorandum opinion.

Date:  August 26, 2009

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

---

[5] Alternatively, where a complaint, whether filed by a plaintiff proceeding in forma pauperis or not, is "'so attenuated and unsubstantial as to be absolutely devoid of merit,'" a federal court may dismiss such a complaint for want of subject-matter jurisdiction.  *Id.* at 327 n.6 (quoting *Hagans v. Lavine,* 415 U.S. 528, 536-37 (1974)); *see also Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994) (same).

[6] At the very least, the complaint appears on its face to be barred by the Privacy Act's two-year statute of limitations, as both defendants have argued.  The defendants have each made additional arguments, including that the complaint fails to state a claim upon which relief may be granted.